IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRO STEPHEN MICHAEL EL-BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN ADDISON HOWARD,<br><br>    Defendant. | Civil Action No.:  PX-23-3114 |

**MEMORANDUM**

Plaintiff, Bro Stephen Michael El-Bey, an inmate at Maryland Correctional Facility, Sykesville, has filed this civil rights action pursuant to 42 U.S.C. § 1983, and thereafter supplemented the Complaint three times.  ECF Nos. 1, 3-5.  El-Bey has not paid the civil filing fee nor filed a motion to proceed in forma pauperis.  However, El-Bey will not be required to correct this deficiency because the Complaint must be dismissed for the reasons stated below.

Where a plaintiff proceeds in forma pauperis, 28 U.S.C. § 1915(a)(1) requires the court to review the complaint for sufficiency.  28 U.S.C. § 1915(e)(2)(B).  This Court is mindful, however, of its obligation to liberally construe complaints written by pro se plaintiffs.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true and taken in the light most favorable to the plaintiff.  *Id.* at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure to allege complaint facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district

court need not look beyond the complaint's allegations," but it also must "hold the pro se complaint to less stringent standards than pleadings drafted by attorneys ...." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

El-Bey sues Baltimore City Circuit Judge, John Addison Howard[1], for violating his rights under the Third, Fourth, and Fifth Amendment to the United States Constitution. ECF No. 1. The claims stem from El-Bey having been sentenced to two years' incarceration on a violation of probation. El-Bey alleges that he had been denied due process and he does not agree to the sentence. *Id.*; ECF Nos. 3-3, 3-4. He seeks money damages.[2] ECF No. 1-1.

Because Judge Howard is judicially immune from suit, the claims must be dismissed on this ground alone. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). The doctrine of judicial immunity shields judges from monetary claims for acts taken in their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Importantly, judicial immunity does not merely protect a judge from having to pay money damages, but from damages suits entirely. *Id*. at 11. An act is "judicial," for purposes of immunity even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have

---

[1] *See* http://2016.mdmanual.msa.maryland.gov/msa/mdmanual/31cc/html/msa14586.html (last visited Dec. 21, 2023.

[2] El-Bey also contends that the court lacks jurisdiction over his body, and so he is entitled to immediate release. *See* ECF No. 3-4 at 6. Insofar as El-Bey argues lack of jurisdiction to criminally prosecute him as a Moorish-American, the theory is without merit. *See El v. Mayor New York*, No. 13-CV-4079 (SLT) (CLP), 2014 WL 4954476, at *5 (E.D. N.Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.*, No. 3:14-cv-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts;" any arguments suggesting as much "should be rejected summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions....").

been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010). Accordingly, Plaintiff's Complaint cannot proceed against Judge Howard.[3] Thus, for the foregoing reasons, Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

A separate order follows.

| 1/17/24 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

---

[3] The Complaint refers to criminal provisions, 18 U.S.C. §§ 241 and 242. ECF No. 1. To the extent El-Bey asks for some criminal sanction against the Defendant, his request is legally foreclosed. "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), cert denied, 133 S. Ct. 1263 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).